UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE PENSION FUND OF
WARDROBE LOCAL 764, I.A.T.S.E,

                            Plaintiffs,

       -against-                  **COMPLAINT**

NEW YORK CITY OPERA, INC.,

                            Defendant.

Plaintiffs, the Trustees of the Pension Fund of Wardrobe Local 764, I.A.T.S.E. (the "Fund"), by and through their counsel, Spivak Lipton LLP, bring this action to collect partial withdrawal liability payments owed to the Fund by New York City Opera, Inc. ("Employer") pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Complaining of Defendant, Plaintiffs respectfully allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to ERISA Sections 4301(a)(1) and 4301(c), 29 U.S.C. §§ 1451(a)(1), 1451(c).

2. Venue is proper in the Southern District of New York pursuant to ERISA Section 4301(d), 29 U.S.C. § 1451(d).

## PARTIES

3. At all relevant times, Plaintiffs have administered and now administer the Fund.

4. The Fund was established on September 19, 1962 by an Agreement and Declaration of Trust, which has been amended from time to time thereafter.

5. The Fund is an "employee benefit plan" established under Section 302(c)(5) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), and within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The principal place where the Fund is administered is C/O Zenith American Solutions, 140 Sylvan Avenue, Suite 303, Englewood Cliffs, New Jersey 07632.

6. At all relevant times, Plaintiffs have been fiduciaries of the Fund.  Pursuant to Section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1), Plaintiffs are authorized to enforce the provisions of ERISA by, among other things, the filing and prosecution of civil claims against employers and others who violate ERISA.

7. The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with Theatrical Wardrobe Union Local 764, I.A.T.S.E. (the "Union"), to invest and maintain those monies, and to provide pension benefits to those qualified to receive them.

8. Upon information and belief, Defendant Employer is a not-for-profit corporation organized and existing under the laws of the State of New York with its principal place of business at 142 West 57th Street, 11th Floor, New York, New York 10019.  It is an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12), and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12), and 1003(a)(1), and of Sections 2(2), 2(6), and 2(7) of the LMRA, 29 U.S.C. §§ 152(2), 152(6), and 152(7).

## FACTS

9. The Employer has at all relevant times been party to a collective bargaining agreement ("CBA") with the Union.  A copy of the CBA covering the period January 15, 2016 through December 31, 2018 is attached hereto as Exhibit A.

10. The CBA obligates the Employer to make pension payments to the Fund on behalf of each employee covered by the CBA. (Ex. A, §§ IV(D), XI(C).)

11. At all relevant times, the Employer employed wardrobe employees represented by the Union and covered by the CBA.

12. In correspondence dated December 18, 2018, the Fund notified the Employer that the Fund actuary had determined that the Employer had experienced a partial withdrawal from the Fund as of December 31, 2016, within the meaning of ERISA Section 4205, 29 U.S.C. § 1385. This correspondence advised the Employer that the total amount of the partial withdrawal liability owed to the Fund was $192,016.00, payable in 15 quarterly installments of $14,099.72, plus a final payment of $372.81, and that the first installment payment would be due on February 15, 2019. Enclosed with the correspondence was a report showing the Fund actuary's calculations of the Employer's partial withdrawal liability. Also enclosed was the Fund's Withdrawal Liability Policy. A copy of the correspondence and enclosures is attached hereto as Exhibit B.

13. To date, the Employer has not made payment of the partial withdrawal liability installment due on February 15, 2019, or of any installment due thereafter.

14. By correspondence from the Fund's counsel to the Employer's counsel dated March 1, 2019, the Fund notified the Employer that it was delinquent in its payment of its partial withdrawal liability obligation. This correspondence advised the Employer that failure to commence payment of partial withdrawal liability or to make timely subsequent payments may constitute a default under ERISA and would entitle the Fund to require immediate payment of the full amount of the partial withdrawal liability owed to the Fund. A copy of the correspondence is attached hereto as Exhibit C.

15. By correspondence from the Fund's counsel to the Employer's counsel dated June 7, 2019, the Fund notified the Employer that it was in default as to its partial withdrawal liability obligation. This correspondence demanded that the Employer pay all amounts owed to the Fund immediately. This correspondence further advised the Employer that absent immediate payment of the amounts owed, the Fund would promptly pursue legal action to obtain such payment. A copy of the correspondence is attached hereto as Exhibit D.

16. Accordingly, the Employer is in default with respect to its partial withdrawal liability to the Fund in the principal amount of $192,016.00.

## CAUSE OF ACTION

17. Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 16 inclusive.

18. By reason of the foregoing, Defendant is liable to the Fund under Sections 515 and 4301(b) of ERISA, 29 U.S.C. § 1145, § 1451(b) for partial withdrawal liability in the following amounts:

    (a) $192,016.00 in unpaid partial withdrawal liability payments pursuant to 29 U.S.C. § 1132(g)(2)(A);

    (b) Interest on the unpaid partial withdrawal liability pursuant to 29 U.S.C. § 1132(g)(2)(B);

    (c) Liquidated damages of an amount equal to the greater of 20 percent of the unpaid partial withdrawal liability or the interest on the unpaid partial withdrawal liability pursuant to 29 U.S.C. § 1132(g)(2)(C);

    (d) Attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D); and

    (e) Costs of this action pursuant to 29 U.S.C. § 1132(g)(2)(D).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request entry of a Judgment against Defendant and in favor of Plaintiffs:

(a) for unpaid partial withdrawal liability payments owed to the Fund in the amount of $192,016.00 pursuant to 29 U.S.C. § 1132(g)(2)(A);

(b) for interest on said unpaid partial withdrawal liability payments pursuant to 29 U.S.C. § 1132(g)(2)(B);

(c) for liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

(d) for costs, including reasonable attorneys' fees, incurred in the prosecution of this action pursuant to 29 U.S.C. § 1132(g)(2)(D) and incurred in the enforcement and collection of a judgment in this action; and

(e) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 11, 2019

Respectfully submitted,

/s/
Nicholas J. Johnson
SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, NY 10019
Ph: 212- 765-2100
Fax: 212-765-8954
njohnson@spivaklipton.com

*Attorneys for Plaintiffs Trustees of the Pension Fund of Wardrobe Local 764, I.A.T.S.E.*